IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

GEORGE SPRAGGINS, )
)
Plaintiff, )
)
vs. ) Case No. 10-2276-WEB/KGG
)
SUMNER REGIONAL MEDICAL )
CENTER and DR. LARRY ANDERSON, )
)
Defendants. )
_____ )

# MEMORANDUM AND ORDER

**A.** **"Motion to Obtain an Order and Authorization for Release of Medical Records and for *Ex Parte* Communications with Plaintiff's Treating Health Care Providers" filed by Defendant Sumner Regional Medical Center (Doc. 32)**.

Defendant Sumner Regional Medical Center's motion (Doc. 32) for an order compelling all medical providers to produce all Plaintiff's medical records, and authorizing defense *ex parte* contact with all Plaintiff's physicians, is denied. Defendant has not demonstrated a need to by-pass procedures available under the Fed.R.Civ.P. to obtain records. Additionally, the requested order is too broad to enable the Court to evaluate whether the sought information is discoverable.

1

Defendant Sumner Regional Medical Center ("Defendant Medical Center") moves for an "Order and Authorization and release of medical records and for *ex parte* communications between counsel for defendants and plaintiff's treating health care providers." (Doc. 33.) As relief, Defendant Medical Center requests the issuance of an Order (Doc. 33-1), broadly directed to all "hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal); All Other Medical Institutions, Practitioners and Health Care Providers, Past and Present; AND all Employers, Past and Present." The proposed Order states that the receiving entity is "authorized, directed and ordered" pursuant to Kansas state law and federal law, including the Health Insurance Portability and Accountability Act (HIPAA) to produce all medical and employment records concerning the Plaintiff. The Order purports to extend to records concerning HIV, AIDS, sexually transmitted diseases, alcohol or drug dependency or psychiatric records. The proposed Order asserts compliance with HIPAA and K.S.A. § 65-6001, *et seq*. (relating to HIV and AIDS), and K.S.A. § 65-5601 and 42 C.F.R. Part 2 (relating to mental treatment or drug or alcohol treatment). Defendant Medical Center also requests an Order compelling Plaintiff to execute an equally broad "Authorization for Release of Protected Health Information."

Plaintiff objects (Doc. 34), arguing (1) that his claim in this case waived his physician-patient privilege as to only part, but possibly not all, of his physical conditions; (2) that the Order and relief requested by the Defendant are not available within the Federal Rule of Civil Procedure; (3) that the proposed Order improperly authorizes Defendant's insurer access to records; (4) that while the defense may be allowed to contact Plaintiff's physicians *ex parte*, it is not within the Court's authority to issue a specific order authorizing such contact and (5) that Plaintiff's treating physicians are, in some respects, expert witnesses, and thus *ex parte* contact to determine the opinions of such witnesses is inappropriate.

1. **Employment and government records**

The Order proposed by the Defendant Medical Center extends to Plaintiff's employers as well as other persons who may be in possession of information other than Plaintiff's medical records ("Government Agencies," "Social Workers"). However, the arguments presented by Defendant relate only to medical records. The Court urges the use of Rule 45 to obtain such other records.

2. **Physician/patient privilege**

Plaintiff's argument that a waiver of the privilege might be limited to the specific physical conditions placed in issue by the claim is erroneous. Federal evidentiary privileges are determined by state law. Rule 501 Federal Rules of

Evidence. Under Kansas law, the physician-patient privilege is created by K.S.A. § 60-427. Subsection (d) of that rule states: '[t]here is no privilege . . . in an action in which the condition of the patient is an element or factor of the claim or defense of the patient." This is such a case. *See* **Pratt v. Petelin**, No. 09-2252-CM-GLR, 2010 WL 446474, at *3 (D.Kan. Feb. 4, 2010) (holding that medical malpractice cases fall within this exception to the physician-patient privilege). The statute provides that in a case in which the patient's claim is based on his medical condition, the privilege simply does not exist. **Bryant v. Hilst**, 136 F.R.D. 487, 491 (D. Kan. 1991). Therefore, unless otherwise protected by law, Plaintiff's medical records and information, are unprivileged and available to the defense. This includes *ex parte* access to Plaintiff's treating physicians. *Id*., at 491-92.

3. **Health Insurance Portability and Accountability Act ("HIPAA")**.

The Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d, *et seq*., restricts the provision of medical information by providers. The Act enumerates specific procedures to allow a litigant to obtain medical information while still protecting the privacy of the patient. Those procedures are detailed in the implementing regulations at 45 CFR §164.512(e). This regulation essentially permits the provider to disclose information under two optional procedures. *See* **Brigham v. Coyler**, No. 09-2210-JWL-DJW, 2010 WL 2131967,

at *1-2 (D.Kan. May 27, 2010).

First, the provider may disclose information in response to an order of the Court, "provided that the covered entity discloses only the protected health information expressly authorized by such order." The Court understands Defendant Medical Center's motion as a request to issue an order compliant with this provision. Plaintiff argues persuasively that the Rules do not expressly provide a direct procedure for obtaining such an order. However, this Court has previously entertained requests for a direct order. *See* ***Hulse v. Suburban Mobile Home Supply Company***, No. 06-1168-WEB-DWB, 2006 WL 2927519 (D.Kan. Oct. 12, 2006). The overriding purpose of the Rules is to provide for the "just, speedy and inexpensive" resolution of case. Fed.R.Civ.P. 1. A direct order may shorten the discovery process and provide clarity to providers.

However, the regulation requires the court "expressly authorize" the disclosure of information, and limits the provider to disclosing such. This implies that the Court has considered the request and specified the information to be provided. Defendant Medical Center's present motion does not allow the Court to perform this duty. Even without a privilege, Defendant is entitled only to receive information within the proper – albeit broad – scope of discovery under Rule 26. The Court and the Plaintiff should be able to review a proposed order to determine

if the requested information is otherwise protected (for example, under K.S.A. § 65-5601, *et seq*. and 42 U.S.C. § 290dd-2, relating to mental, alcohol or drug dependency or emotional condition) or beyond the proper scope of discovery. *See Brigham*, 2010 WL 2131967, at *3 (requiring the defense provide a specific list of providers).

The Court will consider, upon motion, issuing a properly limited Order to one or more named medical providers authorizing *ex parte* contact. Moreover, the parties are urged to submit agreed Orders compliant with the guidance in this ruling. Such Orders may permit the *ex parte* contact of providers by defense counsel with a required warning that such contact is at the provider's discretion. Plaintiff and his counsel, may of course, communicate with Plaintiff's providers concerning his care or his case, but may not attempt to dissuade the provider from speaking with the defense *ex parte*.

The second option available to the defense under HIPAA is the issuance of a records subpoena under Rule 45. This is the appropriate procedure for obtaining records. The regulation provides two optional protective procedures under which a subpoenaed party may comply with such a request. The first is proof provided with the request that the patient has been provided proper notice of the request. The notice requirements specified at 45 CFR § 164.512 (e)(1)(iii) include proof

that the patient has had an opportunity to file and have resolved any objection with the court.[1] The other option is to provide evidence that the information is protected by a qualified protective order, the requirements of which are detailed at 45 CFR §164.512(e)(1)(v). While the parties have not entered into an agreed Protective Order in this case, the entry of an agreed Order compliant with the regulation would be relatively routine.

4. **Other issues**.

No doubt at least some of the records which would have been sought by the Defendant Medical Center pursuant to the proposed order are discoverable. In the interest of assisting the parties in moving forward to obtain those records by agreement, addressing some of the other issues raised may be useful. The Court has no difficulty authorizing Defendant's insurer as the agent of Defendant's counsel to procure the records, with the caveat that counsel are responsible for their agents' conduct. Further, the Court will only authorize a "qualified protective order," which will "prohibit Defendants from using or disclosing protected health information for any purpose other than this litigation and to require them to return to Plaintiff or destroy the protected health information at the end of the litigation."

---

[1] The provision of notice of the intent to serve a document subpoena on each party is also mandated by Rule 45(b).

*Pratt*, 2010 WL 446474, at *3.

When confronted with a defense motion or subpoena, Plaintiff may present an objection based on a request for information, *ex parte* or otherwise, from a person Plaintiff claims is its designated expert. However, the Court will view skeptically a claim that one of Plaintiff's treating physicians has become a designated expert. The fact that a treating physician will express opinions at trial does not make him or her an expert in that regard.

> To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony.

*Wreath v. United States*, 161 F.R.D. 448, 450 (D.Kan.1995). *See also* *Starling v. Union Pacific R. Co.*, 203 F.R.D. 468, 479 (D.Kan.2001) (prevailing weight of authority allows a treating physician to opine on causation without a full-blown expert report where the cause of injury is a necessary part of a patient's treatment); *Goeken v. Wal-Mart Stores, Inc.*, No. 99-4191-SAC, 2001 WL 1159751, at *3 (D.Kan. Aug.16, 2001) (treating physician can render opinion on diagnosis,

prognosis and cause of injury); *Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2714274 (D.Kan. Sep.22, 2006); *Mackey v. Burlington Northern Santa Fe Ry. Co.*, No. 05-4133-SAC, 2006 WL 3512958, at *2 (D.Kan. Nov.29, 2006); *Hildebrand v. Sunbeam Products, Inc*., 396 F.Supp.2d 1241, 1250 -1251 (D.Kan.2005) (treating physicians can testify as to causation, diagnosis, prognosis, and other opinions arising out of the treatment without any expert report).

5. **Summary.**

The Defendant's proposed Order is too broad, and by-passes available procedures under the Rules and HIPAA for obtaining records. To obtain records without agreement of the parties, the defense must utilize the subpoena process under Rule 45 (or other Rule-based discovery procedures), ensuring that HIPAA safeguards are included. The Court will entertain a motion for an order or orders authorizing *ex parte* contact with named providers, with such further descriptions and limitations as to ensure that the information sought is within the scope of discovery and not otherwise protected or privileged. The Court encourages the parties to submit one or more agreed orders, which may include authorizations for *ex parte* contact and a direction to produce records, directed to properly identified providers and reasonably identified information.

Defendant Sumner Regional Medical Center's motion (Doc. 32) is,

therefore, **DENIED**.

**B.** **"Motion for Order of Release [of] Plaintiff's Medical Records and for an Order Allowing *Ex Parte* Communications with Plaintiff's Treating Physicians" filed by Defendant Larry Anderson, M.D. (Doc. 35)**.

Defendant Dr. Anderson has filed a motion similar to that filed by Defendant Medical Center requesting the entry of an Order "releasing plaintiff's medical history and for an Order authorizing ex parte interviews the plaintiff's treating physicians." (Doc. 36, at 6.) Plaintiff has failed to respond to Defendant Anderson's motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). As such, any potential arguments or objections by Plaintiff to Defendant Anderson's request have been waived. Defendant Anderson's motion (Doc. 35) is, therefore, **GRANTED**.

Even so, the Court found Dr. Anderson's motion to be somewhat vague in terms of the requested relief. Specifically, Dr. Anderson failed to provide a draft order regarding the release of Plaintiff's medical history and/or authorizing *ex parte* interviews with treating physicians. As such, Defendant Anderson is hereby directed to submit to Plaintiff a proposed Order in accordance with the guidelines the Court has set forth in section A of this Order, *supra*.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of November, 2010.

                                     S/KENNETH G. GALE
                                     KENNETH G. GALE
                                     United States Magistrate Judge