IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

GEORGE SPRAGGINS,

        Plaintiff,

vs.

Case No. 10-2276-WEB/KGG

SUMNER REGIONAL MEDICAL
CENTER and DR. LARRY ANDERSON,

        Defendants.

## **MEMORANDUM AND ORDER**

Plaintiff has filed this medical negligence case, alleging the Defendants failed to diagnose a leg fracture following a 2009 motorcycle accident and failed to refer him to a proper specialist. Plaintiff claims that the delay in diagnosis resulted in permanent injury and disability. (Doc. 1.) Currently before the Court is "Motion to Compel Written Discovery Responses" (Doc. 38) filed by Defendant Sumner Regional Medical Center. Plaintiff did not respond and the time to do so has expired pursuant to local rule. D.Kan. Rule 6.1(d)(1). Having reviewed Defendant's motion, as well as the discovery requests and Plaintiff's responses/objections thereto, the Court is prepared to rule.

1

## DISCUSSION

Defendant Medical Center served its first written discovery requests on Plaintiff on August 4, 2010. (Doc. 23.) Plaintiff's objections, with no actual written responses or responsive information provided, were served on September 1, 2010. (Doc. 28, Doc. 39-3.) On October 4, 2010, Defendant Medical Center filed the present motion seeking an Order compelling Plaintiff to serve discovery responses. (Doc. 38.) Plaintiff failed to respond to the motion and the time to do so has expired pursuant to D. Kan. Rule 6.1(d)(1). "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. Even so, the Court is, in this instance, compelled to address certain substantive issues surrounding Defendant Medical Center's motion.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible

evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Having reviewed the discovery responses at issue, the Court is satisfied they meet the low threshold of relevance.

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

***Johnson v. Kraft Foods North America, Inc***., 238 F.R.D. 648, 653 (internal citation omitted). The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must

specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence. *Teichgraeber*, 932 F.Supp. at 1266 (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir.1982)). "Courts should lean towards resolving doubt over relevance in favor of discovery." *Id*. (citing *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Defendant Medical Center contends – and the Court agrees – that no substantive discovery responses were submitted by Plaintiff. (*See* Doc. 39-3.) In fact, rather than provide *any* responsive information, Plaintiff merely objected to one Interrogatory and four Requests for Production. The Court surmises Plaintiff submitted these objections within the time allotted by the Federal Rules of Civil Procedure so as not to waive the objections. Even so, the Court has serious misgivings regarding the stated objections.

Plaintiff raises the attorney/client privilege and work product doctrine in response to Request for Production Nos. 2, 10, and 11. (Doc. 39-3.) In making these objections, Plaintiff does not, however, indicate *how* the information at issue would come within the protections of the privilege and/or doctrine. Further, Plaintiff apparently has failed to submit the requisite privilege log. Courts in this District have overruled the objections in these circumstances.

> There has been *no* evidence presented that plaintiffs ever produced a privilege log with regard to the subject

4

> discovery requests.  Even if plaintiffs believed the information sought was clearly privileged, they were still obligated under Fed.R.Civ.P. 26(b)(5)(A) to provide a privilege log.  As stated in *Haid v. Wal-Mart Stores, Inc.*, 'the question whether materials are privileged is for the court, not the defendant [in this case, plaintiffs], to decide, and the court has the right to insist on being presented with sufficient information to make that decision.' The court finds any claim of privilege plaintiffs may have asserted has been waived.

*In re the TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-1853-KHV, 2008 WL 2437558, at *4 (D. Kan. June 12, 2008) (emphasis in original).

In *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, the Court overruled the plaintiff's invocation of the attorney-client privilege when plaintiff failed to "any affidavits or any other evidence to support this claim" of privilege.  No. 09-2656-KHV, 2010 WL 38880027, at *5 (D. Kan. Sept. 28, 2010) (citing *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D.Kan.1994) (stating that the party seeking to establish the privilege must make an evidentiary showing based on competent evidence)).

> Morever, not every communication between an attorney and client is privileged; only confidential communications made for the purpose of seeking or giving legal advice are protected.  Plaintiff has not established that the documents sought by Defendant meet these basic and threshold requirements.  Plaintiff has made no showing that the purpose of the allegedly

5

> protected communications was to give or seek legal
> advice. Further, the Court has no information about who
> authored the purportedly privileged documents, the
> recipients of those documents, the dates the documents
> were created, or a description of the documents. Plaintiff
> has not even demonstrated that it holds the privilege
> rather than its insurer. As a result, Plaintiff has failed to
> meet its burden to clearly show that the attorney-client
> privilege applies to any documents sought in [the
> relevant Request for Production]. Accordingly, the Court
> overrules Plaintiff's objection.

*Id.* The same is true for Plaintiff's work product objection. Plaintiff has made no attempt to establish that the documents at issue were prepared in anticipation of litigation. *Id.*, at *6. As such, the work product objections are also waived.

The remaining objections (that the requests were overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and call for expert witness testimony beyond the scope of Rule 26) were, at best, conclusory statements. Courts in this District look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." **Sonnino v. Univ. of Kan. Hosp. Auth.**, 221 F.R.D. 661, 670 (D.Kan. 2004).

Finally, by failing to respond to Defendant's motion, Plaintiff has waived his objections to the discovery requests.

> When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable. By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections.

*Id.*, 221 F.R.D. at 670-71 (internal citations omitted); *see also,* ***Allianz Ins. Co. v. Surface Specialties, Inc.***, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (internal citation omitted). Having failed to substantively respond to the discovery – in addition to failing to respond to the pending motion – the Court must **GRANT** Defendant Medical Center's Motion to Compel in its entirety. Because of his failure to respond to Defendant's motion, Plaintiff's objections are deemed waived.

**IT IS THEREFORE ORDERED** that Defendant Medical Center's "Motion to Compel Written Discovery Responses" (Doc. 38), to which Plaintiff did not respond, is **GRANTED** in its entirety. Plaintiff shall provide thorough and substantive responses to Defendant Medical Center's first written discovery requests – without objection – on or before **November 30, 2010**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of November, 2010.

                                            s/ KENNETH G. GALE
                                            KENNETH G. GALE
                                            United States Magistrate Judge