# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE SPRAGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2276-WEB/KGG |
| ) | |
| SUMNER REGIONAL MEDICAL ) | |
| CENTER and DR. LARRY ANDERSON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER DENYING DEFENDANT SUMNER REGIONAL MEDICAL CENTER'S MOTION FOR RECONSIDERATION

The Defendant Sumner Regional Medical Center has moved (Doc. 47) the Court for reconsideration of its Memorandum and Order (Doc. 42) denying the defense motion for an order compelling all medical providers to produce all Plaintiff's medical records, and authorizing defense *ex parte* contact with all Plaintiff's physicians. Alternatively, the defense requests clarification of some aspects of the Court's ruling. The motion for reconsideration is **DENIED**. No change in prevailing law has occurred, no new evidence has become available, and the previous order is not clear error and does not inflict manifest injustice. D. Kan. Rule 7.3(b). The defense's request for clarification is granted to the extent this Memorandum and Order is helpful in that regard.

1

In the absence of an agreement of the parties, a party wishing to obtain medical records (like any other business records) must utilize the subpoena process in Rule 45. Physicians, like any other witness, may be interviewed by either party *ex parte*. Because the provisions of the Health Insurance Portability and Accountability Act (HIPAA) may hinder interviews, the Court will entertain a motion for an order authorizing *ex parte* contact with <u>named</u> providers. Alternatively, the Court will approve stipulated orders which require the production of records and authorize *ex parte* access to providers with such limitations and protections as the parties may agree achieve the ends of efficient discovery practice while protecting the legitimate rights of the patient.

## **Medical Records**

Rule 45 of the Rule of Civil Procedure governs the acquisition of records from non-parties. The rule includes a requirement that a subpoena requesting the production of documents be proceed by a notice to each party, Fed. R. Civ. Proc. 45(b)(1), thus providing other parties an opportunity to object to the issuance of the subpoena by proper motion. The Rule also provides protections to the subject non-party. Fed. R. Civ. Proc. 45(c). After notice, a party can challenge the appropriateness of the subpoena by motion. Fed. R. Civ. Proc. 45(c)(3). If a subpoenaed party fails to respond, the Court may issue an order to enforce the subpoena. Fed. R. Civ. Proc. 45(3)(c).

The defense requests this Court issue an order which would allow it to completely by-pass Rule 45 procedures and protections. The proposed order would compel all medical providers, unnamed and unidentified, with no restriction on subject or time, to provide all records concerning the plaintiff. Such an order would allow the defense to completely avoid the

notice requirement of Rule 45, and deprive the plaintiff or other party of the opportunity to contest the records request. In short, the requested order would permit the defense to issue secret records requests. The Court is not convinced that this extraordinary procedure is fair, wise or necessary.

The opportunity to object is of more than academic concern. Although the Court has previously ruled that the physician-patient evidentiary privilege does not apply in this case, a person's medical records are profoundly personal and private. Any subpoena must be within the proper scope of discovery, that is the requested information must be relevant to the claims or defenses in the case. Fed. R. Civ. Proc. 26(b). Even in the absence of privilege and given the broad scope of discovery, the Court does not have sufficient evidence to rule in this case that any and all providers which might be served with the requested order possess discoverable evidence.

The Defendant's primary argument is that the HIPAA regulation 45 C.F.R. § 164.512(e)(1)(i) gives the defense a "right" to the proposed order. (Doc. 48 at page 5). Even accepting the dubious proposition that a right to a court order could be created by such a regulation, the defense misreads the provision. HIPAA generally prohibits the disclosure of medical information. The cited provision is an exception which "permits" the provider to comply with a court order (such as an order under Rule 45 enforcing a subpoena). The provision does not give the defense a "right" to a court order. As detailed in the previous Memorandum and Order, HIPAA equally permits compliance with a Rule 45 subpoena, provided certain routine safeguards are met. 45 C.F.R. § 164.512(e)(1)(ii).

### *Ex Parte* Contact with Plaintiff's Physicians

The defense is allowed *ex parte* contact with Plaintiff's physicians on a voluntary basis,

just as such contact would be allowed with any other witness. This District has a long practice of allowing and approving such interviews. HIPAA does impose an obstacle to an informal interview, since a provider is prohibited from participating in an interview in the absence of an applicable permission in the regulation. While the Rules of Civil Procedure provide for the involuntary interview of physicians through deposition, there is no Rule-based procedure adequate to facilitate an *ex parte* interview. Thus, the Court will, upon motion, issue orders authorizing (but not requiring) *ex parte* interviews. However, the important concerns addressed by the notice requirements of Rule 45 are present here as well, and such motions must identify providers to permit the patient's counsel to lodge appropriate objections, and to permit the Court to limit the order as contemplated by 45 C.F.R. § 164.512(e)(1)(i)(permitting the provider to comply with such an order only to the extent of the "protected health information expressly authorized"). To the extent possible, any such moving party is encouraged to consolidate all known and relevant health care providers from whom they will be seeking such interviews in the same motion.

## Informal Discovery

Contrary to the defense's concerns, the Court is not hostile to "informal" discovery. However, there is no procedure more "formal" than obtaining a court order compelling a non-party to produce information over the objection of another party. The parties share an interest in the efficient and cost-effective completion of discovery in this matter. The Court encourages the use of medical releases, and will execute stipulated orders for records or *ex parte* contact upon presentation, even if such orders are broader than may be obtained over objection. Both parties are expected to cooperate in this regard.

**IT IS THEREFORE ORDERED** that Defendant Medical Center's "Motion for Clarification or in the Alternative for Reconsideration of the Court's Memorandum and Order Denying its Motion to Obtain an Order for Release of Medical Records) (Doc. 47) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of December, 2010.

                                         s/Kenneth G. Gale
                                         KENNETH G. GALE
                                         United States Magistrate Judge