IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE SPRAGGINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUMNER REGIONAL MEDICAL )<br>CENTER and DR. LARRY ANDERSON, )<br>)<br>Defendants. )<br>_____ ) | Case No. 10-2276-WEB/KGG |

**MEMORANDUM AND ORDER GRANTING
DEFENDANT LARRY ANDERSON'S
<u>MOTION FOR APPROVAL</u>**

Before the Court is Defendant Anderson's "Motion for Approval of Amended Order for Inspection and Reproduction of Medical Records . . ." (Doc. 51). (The Court surmises this motion amends and replaces the motion filed at Doc. 50). Plaintiff has filed an opposition to this motion (Doc. 55). The motion (Doc. 51) is **GRANTED**, as qualified herein.

The procedural history of this motion is unusual. Defendant Anderson originally filed a similar motion on September 24, 2010. (Doc. 35.) Earlier that month, Defendant Sumner Regional Medical Center also filed a similar motion (Doc. 32). Plaintiff filed a response in opposition to the Sumner Regional Medical

1

Center Motion (Doc. 34) but did not respond or oppose Defendant Anderson's similar motion. This procedural discrepancy resulted in conflicting rulings by this Court on motions that are otherwise similar. The Court ruled on both motions in a single order. (Doc. 42.) Sumner County Regional Medical Center's Motion was denied, and the Court has recently issued an additional order denying a motion for reconsideration and clarifying its previous order. (Doc. 56.)

In the same initial order (Doc. 42, Part B), the Court granted Defendant Anderson's motion *as unopposed*. However, the Court found the motion vague because Defendant had failed to submit a proposed order. The Court ordered Defendant Anderson to submit a proposed order to Plaintiff in compliance with the guidelines the Court enumerated in its denial of Defendant Sumner Regional Medical Center's motion.

There is no indication that Defendant Sumner Regional Medical Center complied with the Court's previous order by submitting a proposed order to Plaintiff. Instead, Defendant has filed this present motion. Attached thereto is Defendant's proposed order, which does not fully comply with the Court's previous guidance as it fails to identify the specific medical providers to whom it is directed.

In responding to the present motion, Plaintiff has interposed several

objections which the Court, in the procedural context of this particular motion, hereby overrules. First, Plaintiff objects that the motion is "procedurally incorrect" because it asks the Court to "order informal discovery." While the Court is uncertain of the exact meaning of this objection, it assumes Plaintiff is objecting that Defendant would not be required to utilize Rule 45 to obtain records before approaching the Court for an order. Indeed, if Plaintiff had objected to this Defendant's motion in the first instance, the Court would have so ruled. However, this objection was found to be waived in this Court's previous ruling (Doc. 42. Part B) because of Plaintiff's failure to respond to this Defendant's initial motion. Additionally, the Court has already approved the utilization of Defendant's insurer as an agent of defense counsel to obtain records (Doc. 42, Part A, § 4), so that objection is also overruled. The Court also understands Plaintiff's objections to urge a ruling that the Court should not authorize *ex parte* contact with Plaintiff's physicians, thus limiting the defense to contact the physicians through deposition. The Court has rejected this position. (Doc. 42, Part A).

Based on this Court's previous grant of Defendant Anderson's unopposed motion, the Court will execute one or more orders on this Defendant's behalf in the form attached to the present motion, with the exception that the order must identify the provider(s) to whom it is directed. The Court encourages Defendant to identify

and enumerate all such providers in one combined order, if possible. Defendant shall provide such proposed order(s) to Plaintiff for review and approval. If Plaintiff refuses to approve the proposed order(s), the Court will entertain a motion to issue the order. Assuming the order(s) are in the form attached to the present motion, but specifically identify the providers to whom they are directed, the Court will grant the motion subject only to a timely objection by Plaintiff based on a claim that the particular provider's information is not discoverable. In considering such an objection, Plaintiff should be mindful of the generally broad scope of discovery under Rule 26 and the inapplicability of the physician-patient privilege in this case.

The Court acknowledges that this order makes available to Defendant Anderson a procedure that was specifically denied to Defendant Sumner County Regional Medical Center. However, Plaintiff's non-opposition to Defendant Anderson's original motion waived Plaintiff's opportunity to raise the arguments he made in successfully opposing Defendant Sumner County Regional Medical Center's motion. As such, the Court stresses to the parties that the ruling contained herein is limited to this peculiar set of circumstances.

**IT IS THEREFORE ORDERED** that Defendant Anderson's "Motion for

Approval of Amended Order for Inspection and Reproduction of Medical Records . . ." (Doc. 51) is **GRANTED** with the clarification set forth above. Defendant's Anderson's "Motion for Approval of Order for Inspection and Reproduction of Medical Records . . ." (Doc. 50) is **DENIED** as **moot**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of December, 2010.

 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge